STEVEN A. ELLIS (SBN 171742)
*sellis@goodwinprocter.com*
ALISON M. NORRIS (SBN 248711)
*anorris@goodwinprocter.com*
HONG-AN VU (SBN 266268)
*sramsower@goodwinprocter.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA  90017
Tel.:  213.426.2500
Fax:  213.623.1673

Attorneys for Defendants:
*Mortgage Electronic Registration
Systems, Inc.; Bank of America, N.A.,* for
itself and as successor by merger to
BAC Home Loans Servicing, L.P,
formerly known as Countrywide Home
Loans Servicing, LP; and *Countrywide
Home Loans, Inc.,* (erroneously sued
under its trade name America's
Wholesale Lender)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| JOHN CHEW, an individual,<br><br>      Plaintiff,<br><br>      v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; BANK OF AMERICA, N.A., a National Association; BAC HOME LOANS SERVICING, L.P., a subsidiary of Bank of America, N.A.; COUNTRYWIDE HOME LOANS SERVICING, LP, a New York corporation; AMERICA'S WHOLESALE LENDER, a corporation; CTC REAL ESTATE SERVICES, a California corporation; RECONTRUST COMPANY, N.A., a wholly owned subsidiary of Bank of America Corporation, a Delaware corporation; and DOES 1 to 1000, inclusive<br><br>      Defendants. | Case No. 8:11-01855-JVS-RNB<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT BY DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      February 6, 2012<br>Time:     1:30 p.m.<br>Courtroom: 10C<br>Judge:    Hon. James V. Selna<br><br>411 West Fourth Street<br>Santa Ana, CA 92701-4516 |

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 6, 2012, or as soon thereafter as counsel may be heard, in Courtroom 1053, at the United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701-4516, defendants Mortgage Electronic Registration Systems, Inc. ("MERS"); Bank of America, N.A. ("Bank of America"), itself and as successor in interest by merger to defendant BAC Home Loans Servicing, LP ("BACHLS"), formerly known as Countrywide Home Loans Servicing, LP ("Countrywide"); and Countrywide Home Loans, Inc., erroneously sued under its trade name, America's Wholesale Lender ("AWL") (collectively, "Defendants"), will and hereby do move the Honorable James V. Selna, United States District Judge, to dismiss Plaintiff's Complaint without leave to amend.

The entire Complaint should be dismissed under Rules 12(b)(6) and 9(b) because it fails to state cognizable claims for relief and fails to plead Plaintiff's fraud-based claims with particularity. First, each cause of action is predicated on meritless legal theories and conclusory allegations, and fails to allege facts showing cognizable claims for relief. Second, all six causes of action alleged in complaint are time-barred by the relevant statutes of limitation. Third, Plaintiff has not alleged his willingness and ability to tender the outstanding balance on his loan. Fourth, Plaintiff is judicially estopped from asserting these claims, which he was required to disclose when he filed his petition for Chapter 7 bankruptcy in April 2011. Fifth, Plaintiff's fraud-based claims are not pled with particularity as required by Rule 9(b). And finally, Plaintiff's "claim" for declaratory relief is improper, as declaratory relief is a remedy, not a cause of action.

Counsel for Defendants attempted to contact Plaintiff's counsel on December 2, 2011 to meet and confer pursuant to L.R. 7-3. Counsel for Defendants again attempted to reach Plaintiff's counsel on December 5 and 6, 2011. Also on December 6, 2011, counsel for Defendants sent an email to Plaintiff's counsel

LIBA/2243960.7

1  stating the bases for this motion to dismiss and offering again to meet and confer

2  regarding this motion.

3

4                                              Respectfully submitted,

5  Dated: December 8, 2011          By:   /s/  Steven A. Ellis
                                          STEVEN A. ELLIS
6                                         *sellis@goodwinprocter.com*
                                          ALISON M. NORRIS
7                                         *anorris@goodwinprocter.com*
                                          HONG-AN VU
8                                         *sramsower@goodwinprocter.com*
                                          **GOODWIN PROCTER LLP**
9
                                          Attorneys for Defendants:
10                                        *Mortgage Electronic Registration*
                                          *Systems, Inc.; Bank of America, N.A.,*
11                                        for itself and as successor by merger to
                                          BAC Home Loans Servicing, L.P,
12                                        formerly known as Countrywide Home
                                          Loans Servicing, LP; and *Countrywide*
13                                        *Home Loans, Inc.,* erroneously sued
                                          under its trade name America's
14                                        Wholesale Lender

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

ALLEGATIONS OF THE COMPLAINT ........................................................ 2

PROCEDURAL HISTORY ........................................................................ 4

STANDARD OF REVIEW ......................................................................... 4

ARGUMENT ........................................................................................ 5

I.     Plaintiff's Attack On MERS Is Meritless ............................................ 5

II.    Plaintiff Cannot Challenge Nonjudicial Foreclosure Proceedings
       Through His State Law Claims. ..................................................... 8

III.   Plaintiff Fails To State Any Claims Upon Which Relief May Be
       Granted. ............................................................................... 9

       A.     Plaintiff's Claims Are Barred By The Applicable Statutes of
              Limitations. ................................................................. 9

       B.     Plaintiff's First Three Causes of Action Must Be Dismissed
              Because He Does Not Allege Tender. .................................... 11

       C.     Plaintiff is Judicially Estopped From Asserting These Claims. ........... 13

       D.     Plaintiff has Failed to State a Claim for Cancellation of Deed ............ 16

       E.     Plaintiff Fails To State A Quiet Title Claim. ............................... 17

       F.     Plaintiff Fails To State a Claim for Slander of Title ........................ 18

       G.     Plaintiff's Fourth Cause of Action for Fraudulent Concealment
              Fails. ....................................................................... 19

              1.     Plaintiff Fails To Plead Fraud With The Particularity
                     Required By Rule 9(b) ............................................. 19

**Goodwin Procter LLP**
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

LIBA/2243960.7

2.   Plaintiff Fails To Allege The Elements Of Fraudulent Concealment. .................................................................20

H.   Plaintiff's Claim for Violation of the UCL Fails as a Matter of Law. ..................................................................................22

I.   Plaintiff's Claim For Declaratory Relief Is Not A Cause of Action. ....................................................................................23

CONCLUSION.........................................................................................24

**Goodwin Procter LLP**
**601 S Figueroa St., 41st Floor**
**Los Angeles, California 90017**

LIBA/2243960.7

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**FEDERAL CASES**

4

*Alan Neuman Productions, Inc. v. Albright*
5
    862 F.2d 1388 (9th Cir. 1988) ................................................................ 19

6
*Alcaraz v. Wachovia Mortgage FSB*
7
    592 F.Supp.2d 1296 (E.D. Cal. 2009) .................................................... 17

8
*An-Tze Cheng v. K & S Diversified Invs., Inc.*
9
    308 B.R. 448 (B.A.P. 9th Cir. 2004) ..................................................... 15

10
*Ashcroft v. Iqbal*
11
    129 S. Ct. 1937 (2009) ............................................................................. 5

12
*Bell Atl. Corp. v. Twombly*
13
    550 U.S. 544 (2007) ............................................................................ 4, 5

14
*Bello v. Chase Home Fin.*
    No. 10cv1913 BTM (WVG), 2011 WL 133351 (S.D. Cal. Jan. 14, 2011) ....... 12

15
*Blanco v. American Home Mortg. Serv. Inc.*
16
    No. Civ. 2:09-578, 2009 U.S. Dist. LEXIS 119338 (E.D. Cal. Dec. 3,
17
    2009) ...................................................................................................... 23

18
*Carbriales v. Aurora Loan Servs.*
19
    No. C 10-161 MEJ, 2010 U.S. Dist. LEXIS 24726 (N.D. Cal. Mar. 2,
    2010) ........................................................................................................ 4

20
*Cerecedes v. U.S. Bankcorp*
21
    No. CV 11-219 CAS, 2011 U.S. Dist. LEXIS 75559 (C.D. Cal. July 11,
22
    2011) ................................................................................................. 7, 23

23
*Cervantes v. Countrywide Home Loans, Inc.*
24
    656 F.3d 1034 (9th Cir. 2011) ........................................................ 1, 5, 6

25
*Cuaresma v. Deustche Bank Nat'l Co.*
26
    No. C-11-03829 RMW, 2011 U.S. Dist. LEXIS 116507 (S.D. Cal. Oct. 7,
    2011) ................................................................................................. 7, 12

27

28

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

LIBA/2243960.7

*Dancy v. Aurora Loan Servs.*, LLC
   No. C 10-2602 SBA, 2010 U.S. Dist. LEXIS 116513 (N.D. Cal. Nov. 2, 2010) ................................................................................................ 6, 16

*Derakhshan v. Mortg. Elec. Registration Sys.*
   No. SACV09-1185 AG (RNBx), 2009 U.S. Dist. LEXIS 63176 (C.D. Cal. June 29, 2009) .......................................................................................... 6, 16

*Estillore v. Countrywide Bank FSB*
   No. CV F 10-1243 LJO GSA, 2011 U.S. Dist. LEXIS 13530 (E.D. Cal. Feb. 2, 2011) .............................................................................................. 8

*Falk v. General Motors Corp.*
   496 F. Supp. 2d 1088 (N.D. Cal. 2007) ................................................... 20

*Fammilop v. Wells Fargo Bank, N.A.*
   No. CV 10-5977 AHM, 2011 U.S. Dist. LEXIS 3249 (C.D. Cal. Jan. 4, 2011) ..................................................................................................... 12

*Farner v. Countrywide Home Loans*
   No. 09cv2193 BTM (AJB), 2009 U.S. Dist. LEXIS 5303 (S.D. Cal. Jan. 26, 2009) ................................................................................................... 7

*Gonzalez v. EJ Mortg., Inc.*
   No. 09cv2812 BTM (RBB), 2010 U.S. Dist. LEXIS 48280 (S.D. Cal. May 17, 2010) ................................................................................................. 19

*Grant v. Aurora Loan Servs, Inc.*
   736 F. Supp. 2d 1257 (C.D. Cal. 2010) ................................................... 12

*Green v. Alliance Title*
   No. CIV S-10-0242 MCE EFB PS, 2010 WL 3505072 (E.D. Cal. Sep. 2, 2010) ..................................................................................................... 18

*Hamilton v. State Farm Fire & Cas. Co.*
   270 F.3d 778 (9th Cir. 2001) .................................................... 13, 14, 15

*Hay v. First Interstate Bank, N.A.*
   978 F.2d 555 (9th Cir. 1992) ........................................................ passim

*In re Coastal Plains*
   179 F.3d 197 (5th Cir. 1999) ................................................................. 16

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

- iv -

LIBA/2243960.7

*In re Mortgage Electronic Registration Systems (MERS) Litigation*
  MDL No. 09-2119-JAT, 2011 WL 4550189 (D. Ariz. Oct. 3, 2011)..................6

*Isaacs v. Broido*
  358 F. App'x 874 (9th Cir. 2009)........................................................................4

*Johnson v. Mortgage Elec. Registration. Sys., Inc.*
  No. 2:11-cv-08038-GHK-AGR, Order re. Defendant's Motion to Dismiss
  (C.D. Cal. Nov. 3, 2011) ..................................................................................12

*Lane v. Vitek Real Estate Indus. Group*
  713 F. Supp. 2d 1092 (E.D. Cal. 2010)........................................................7, 12

*Legrama v. Am. Serv. Comp.*
  No. 10-cv-02945, 2010 WL 5071600 (N.D. Cal. Dec. 7, 2010).........................8

*Lopez v. Chase Home Fin., LLC*
  No. CV F 09-0449 LJO GSA, 2009 U.S. Dist. LEXIS 35206 (E.D. Cal.
  Apr. 8, 2009)....................................................................................................11

*Madrid v. Bank of America Corp.*
  No. 3:11-cv-0077 AJB (WVG), 2011 U.S. Dist. LEXIS 75568 (S.D. Cal.
  July 13, 2011) ....................................................................................................7

*Manabat v. Sierra Pacific Mortg. Co. Inc.*
  No. CV F 10-1018-LJO-JLT, 2010 WL 2574161 (E.D. Cal. June 25, 2010)....23

*Mangindin v. Wash. Mut. Bank*
  637 F. Supp. 2d 700 (N.D. Cal. 2009)..............................................................23

*MGIC Indem. Corp. v. Weisman*
  803 F.2d 500 (9th Cir. 1986) .......................................................................3, 13

*Mickissack v. Wells Fargo Home Mortg.*
  No. 09-CV-1932 JLS (WMc), 2010 U.S. Dist. LEXIS 69132 (S.D. Cal.
  July 12, 2010) ...................................................................................................
  ...............................................................................................................11, 20, 21

*Mir v. Little Co. of Mary Hosp.*
  844 F.2d 646 (9th Cir. 1988) .............................................................................5

*Morgera v. Countrywide Home Loans, Inc.*
  No. 2:09-cv-01476-MCE-GGH, 2010 WL 160348 (E.D. Cal. Jan. 11.
  2010)..................................................................................................................6

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

LIBA/2243960.7

*Oneida Motor Freight, Inc. v. United Jersey Bank*
  848 F.2d 414 (3d Cir. 1988) ................................................................ 15

*Ortiz v. Indymac Bank*
  No. CV 09-8669 PSG, 2010 U.S. Dist. LEXIS 57877 (C.D. Cal. May 20, 2010) ........................................................................................................ 4

*Pantoja v. Countrywide Home Loans, Inc.*
  640 F.Supp.2d 1177 (N.D. Cal. 2009) .................................................. 6

*Payless Wholesale Distribs., Inc. v. Alberto Culver, Inc.*
  989 F.2d 570 (1st Cir. 1993) ............................................................... 15

*Permpoon v. Wells Fargo Bank Nat'l Ass'n*
  No. 09-CV-01140-H (BLM), 2009 U.S. Dist. LEXIS 89723 (S.D. Cal. Sept. 29, 2009) ................................................................... 20, 21, 23

*Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*
  749 F. Supp. 2d 1022 (N.D. Cal. 2010) ................................................ 7

*Pua v. Recontrust Co.*
  No. CV 11-1801 PSG, 2011 U.S. Dist. LEXIS 82624 (C.D. Cal. July 28, 2011) ....................................................................................................... 7

*Qureshi v. Countrywide Home Loans, Inc.*
  No. C 09-4198 SBA, 2010 U.S. Dist. LEXIS 21843 (N.D. Cal. Mar. 10, 2010) ..................................................................................................... 22

*Rice v. Charles Schwab*
  No. SACV 10-00398-CJC, 2010 U.S. Dist. LEXIS 135852 (C.D. Cal. Oct. 22, 2010) ................................................................................................ 19

*Richards v. Bank of America, N.A.*
  No. C 10-01163-CW, 2010 WL 3222151 (N.D. Cal. Aug. 13, 2010) .............. 18

*Ricon v. Recontrust Co.*
  No. 09cv937-IEG-JMA, 2009 WL 2407396 (S.D. Cal. 2009) ......................... 17

*Ritchey v. Upjohn Drug Co.*
  139 F.3d 1313 (9th Cir. 1998) ............................................................. 10

*Ritchie v. Cmty. Lending Corp.*
  No. 09-2484, 2009 U.S. Dist. LEXIS 73216 (C.D. Cal. Aug. 12, 2009) ............ 8

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LIBA/2243960.7

*Saldate v. Wilshire Credit Corp.*
  No. CVF09-2089-LJO-SMS, 2010 WL 582069 (E.D. Cal. Feb. 12, 2010) ......23

*Sanchez v. MortgageIT*
  No. C 10-4146 PJH, 2011 WL 588178 (N.D. Cal. Feb. 10, 2011) ...................18

*Santos v. Countrywide Home Loans*
  No. CIV. 2:09-02642 WBS DAD, 2009 U.S. Dist. LEXIS 103453 (E.D.
  Cal. Nov. 6, 2009) ....................................................................................23

*Sicairos v. NDEX West, LLC*
  No. 08cv2014-LAB, 2009 U.S. Dist. LEXIS 11223 (S.D. Cal. Feb. 13,
  2009)...........................................................................................................8

*Swartz v. KPMG LLP*
  476 F.3d 756 (9th Cir. 2007) ....................................................................20

*United Computer Sys. v. AT&T Info. Sys.*
  298 F.3d 756 (9th Cir. 2002) ......................................................................4

*Vargas v. Countrywide Home Loans, Inc.*
  No. CV 09-2309 (C.D. Cal. May 14, 2010) ................................................23

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003) ...................................................................19

*Wadwha v. Aurora Loan Servs., LLC*
  No. S-11-1784 KJM KJN, 2011 WL 2681483 (E.D. Cal. July 8, 2011) ..........12

*Witt v. CIT Group/Consumer Fin., Inc.*
  No. 2:10-CV-440-TS, 2010 U.S. Dist. LEXIS 117915 (D. Utah Nov. 5,
  2010) ...........................................................................................................7

*Woodcock v. MERS*
  No. ED CV 10-1807 CAS, 2011 U.S. Dist. LEXIS 21913 (C.D. Cal. Feb.
  16, 2011) .....................................................................................................4

*Wurtzberger v. Resmae Mortg. Corp.*
  No. 2:09-cv-0178-GEB-DAD, 2010 U.S. Dist. LEXIS 51751 (E.D. Cal.
  Apr. 29, 2010)..............................................................................................6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Goodwin Procter LLP**
**601 S Figueroa St., 41st Floor**
**Los Angeles, California 90017**

LIBA/2243960.7

**CALIFORNIA CASES**

*Abdallah v. United Savs. Bank*
     43 Cal. App. 4th 1101 (1996) .................................................................11, 12

*Aguilar v. Bocci*
     39 Cal. App. 3d 475 (1974) .........................................................................17

*Alpha and Omega Development, LP v. Whillock Contracting, Inc.*
     200 Cal. App. 4th 656 (2011) .....................................................................18

*Arnolds Management Corp. v. Eischen*
     158 Cal. App. 3d 575 (1984) .......................................................................11

*Bank of America Corp. v. Superior Court*
     198 Cal. App. 4th 862 (2011) .....................................................................21

*Blickman Turkus LP v. MF Downtown Sunnyvale, LLC*
     162 Cal. App. 4th 858 (2008) .....................................................................21

*Calvo v. HSBC Bank USA, N.A.*
     199 Cal. App. 4th 118 (2011) ...................................................................1, 6

*Farmland Irrigation Co. v. Dopplmaier*
     48 Cal. 2d 208 (1957) ...................................................................................7

*Fontenot v. Wells Fargo Bank, N.A.*
     198 Cal. App. 4th 256 (2011) ...........................................................passim

*Gomes v. Countrywide Home Loans, Inc.*
     192 Cal. App. 4th 1149 (2011), *cert. denied*, 2011 U.S. LEXIS 7188 (Oct.
     11, 2011) ...........................................................................................passim

*Goodman v. Kennedy*
     18 Cal. 3d 335 (1976) .................................................................................21

*Homestead Sav. v. Darmiento*
     230 Cal. App. 3d 424 (1991) .........................................................................9

*Kachlon v. Markowitz*
     168 Cal. App. 4th 316 (2008) .....................................................................18

*Karlsen v. Am. Savs. & Loan Ass'n*
     15 Cal. App. 3d 112 (1971) .........................................................11, 12, 16

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

LIBA/2243960.7

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

*Kim v. Sumitomo Bank of California*
   17 Cal. App. 4th 974 (1993) ................................................................. 21

*Leeper v. Beltrami*
   53 Cal. 2d 195 (1959) .......................................................................... 10

*Leonard v. Bank of America Ass'n*
   16 Cal. App. 2d 341 (1936) ................................................................. 17

*Lovejoy v. AT & T Corp.*
   119 Cal. App. 4th 151 (2004) .............................................................. 20

*Manhattan Loft, LLC v. Mercury Liquors, Inc.*
   173 Cal. App. 4th 1040 (2009) ........................................................... 18

*Moeller v. Lien*
   25 Cal. App. 4th 822 (1994) ............................................................. 8, 9

*Mukatarian v. Barmby*
   63 Cal. 2d 558 (1965) .......................................................................... 10

*Nguyen v. Calhoun*
   105 Cal. App. 4th 428 (2003) .............................................................. 11

*Nymark v. Heart Fed. Sav. & Loan Ass'n*
   231 Cal. App. 3d 1089 (1991) ............................................................. 21

*Price v. Wells Fargo Bank*
   213 Cal. App. 3d 465 (1989) ............................................................... 21

*Robinson v. Countrywide Home Loans, Inc.*
   199 Cal. App. 4th 42 (2011) .................................................................. 1

*Superbrace, Inc. v. Tidwell*
   124 Cal. App. 4th 388 (2004) ................................................................ 7

*United States Cold Storage v. Great W. Savs. & Loan Ass'n*
   165 Cal. App. 3d 1214 (1985) ........................................................ 11, 12

**CALIFORNIA STATUTES**

Bus. & Prof. Code § 17200 *et seq.* ........................................................ 2

Bus. & Prof. Code § 17208 ..................................................................... 11

LIBA/2243960.7

Civ. Code § 47 ........................................................................................ 18

Civ. Code §§ 2924-2924k .......................................................................... 8

Civ. Code § 2924(a) ................................................................................. 18

Civ. Code § 2924(d) ................................................................................. 18

Civ. Code § 3412 ..................................................................................... 16

Code Civ. Proc. § 338(d) ................................................................... 10, 11

Code Civ. Proc. § 338(g) ......................................................................... 10

Code Civ. Proc. § 761.020 ....................................................................... 17

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) .......................................................................... 2, 19, 23

Fed. R. Civ. P. 12(b)(6) ............................................................................. 2

Restatement of Contracts (Second) § 317 ................................................. 7

**Goodwin Procter LLP**
**601 S Figueroa St., 41st Floor**
**Los Angeles, California 90017**

LIBA/2243960.7

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"); Bank of America N.A. ("Bank of America"), itself and as successor in interest by merger to defendant BAC Home Loans Servicing, LP ("BACHLS"), formerly known as Countrywide Home Loans Servicing, LP ("Countrywide"); and Countrywide Home Loans, Inc., erroneously sued by its trade name America's Wholesale Lender ('AWL") (collectively, "Defendants") respectfully submit this Memorandum of Points and Authorities in support of their Motion to Dismiss the Complaint in this Action.[1]

This is another lawsuit in which a borrower in default on home loan obligations advances meritless legal theories in an attempt to avoid or reverse the foreclosure of the property securing the loan.  Plaintiff John Chew ("Plaintiff")— who was a realtor for twelve years—does not dispute that he is in default on his $999,950 home loan, nor does he allege error in the calculation of money owed. Instead, Plaintiff challenges the foreclosure of the property securing his loan based upon legally defective theories about the role of MERS in the foreclosure proceedings. As demonstrated below, these theories have been repeatedly rejected by the California Court of Appeal, the Ninth Circuit, and federal district courts throughout California. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041-1044 (9th Cir. 2011); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1156-58 (2011), *cert. denied*, 2011 U.S. LEXIS 7188 (Oct. 11, 2011); *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118, 125 (2011); *Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 (2011); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 268-73 (2011).  In addition, the California Court of Appeal has reaffirmed that attempts – like

---

[1]   In compliance with Section J of the *Initial Order Following Filing of Complaint Assigned to Judge Selna*, a copy of the Complaint is attached hereto as **Exhibit A**.

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

**Goodwin Procter LLP**
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

Plaintiff's here – to interject the courts into California's "comprehensive" nonjudicial foreclosure scheme are improper and should be rejected. *Gomes*, 192 Cal. App. 4th at 1156; *Fontenot*, 198 Cal. App. 4th at 270.

Several other fatal defects warrant dismissal of Plaintiff's Complaint. Plaintiff purports to assert claims for: (1) cancellation of deeds (First Cause of Action); (2) quiet title (Second Cause of Action); (3) slander of title (Third Cause of Action); (4) fraudulent concealment (Fourth Cause of Action); (5) violation of California Business & Professions Code section 17200 *et seq.* (the "UCL"); and (6) declaratory relief (Sixth Cause of Action). However, Plaintiff does not (because he cannot) plead the requisite elements for his individual causes of action. First, each of Plaintiff's causes of action is barred by applicable statutes of limitations. Second, Plaintiff's failure to allege tender is fatal to his claims for cancellation of deeds, quiet title and slander of title. Third, Plaintiff's claims must be dismissed because Plaintiff is judicially estopped from asserting them, as he was required to disclose them when he filed his voluntary petition for Chapter 7 bankruptcy in April 2011. Fourth, Plaintiff's claim for quiet title fails to specify any adverse claims. Fifth, Plaintiff's claim for slander of title is based on privileged communications. Sixth, Plaintiff's claims for fraudulent concealment and violation of the UCL fail to satisfy the heightened pleading requirement of Rule 9(b), fail to allege several elements of the torts, and is based on a theory that the California Court of Appeal has already rejected. For all these reasons and those outlined in further detail below, this Motion should be granted pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).

## **ALLEGATIONS OF THE COMPLAINT**

On February 2, 2004, Plaintiff executed a promissory note in favor of AWL in the original principal sum of $999,950, payable with interest as provided in the note. Compl., ¶ 9. As security for the note, Plaintiff executed a deed of trust for a property located in Yorba Linda, California (the "Deed of Trust, attached to the

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

1  Complaint as Exhibit B). *Id.*; *see also* Deed of Trust, attached as **Exhibit 1** to the

2  Request for Judicial Notice filed herewith ("RJN").[2]

3      Plaintiff subsequently defaulted on his loan obligations. *See* Compl. ¶ 41

4  (acknowledging that Plaintiff was "unable to make the payments due under the loan

5  transaction"). On May 18, 2009, ReconTrust, acting as an agent for MERS, the

6  beneficiary under the Deed of Trust, recorded a Notice of Default ("Notice of

7  Default," attached to the Complaint as Exhibit C). On March 2, 2010, ReconTrust

8  recorded a Notice of Trustee's Sale, noticing a sale of the property by public auction

9  March 24, 2010 ("Notice of Default," attached to the Complaint as Exhibit D).

10      Plaintiff does not claim any procedural error in the foreclosure proceedings,

11  nor does he allege that he is current on his loan payments, or that he is willing or

12  able to tender unconditionally the amount due and owing under his loan. Instead,

13  Plaintiff alleges that "MERS was never the holder of the Note executed by the

14  Plaintiff" and "had no beneficial interest in the Note or the Deed of Trust." Compl.

15  ¶¶ 10, 15. On this basis, he contends the Deed of Trust is of no legal effect and any

16  foreclosure proceedings based on the Deed of Trust are wrongful and unauthorized.

17  *Id.* ¶¶ 10-27.

18      Plaintiff further alleges that Countrywide and AWL "systematically created

19  false and inflated property appraisals throughout California," "originate[d] loans

20  based on false property valuations and increasingly risky terms to induce him and

21  other borrowers into ever-larger loans," and "knew these loans and mortgages

22  purportedly secured thereby were unsustainable for it and the borrowers and to a

23  certainty would result in a crash that would destroy the equity invested by Plaintiff

24  and other [] borrowers." *Id.* ¶ 29. Plaintiff also alleges that Countrywide and AWL

25  "contrived a plan to 'pool' the foregoing mortgages and sell the pools for inflated

26      [2]   The Deed of Trust, an incomplete copy of which is attached to the Complaint
27  as Exhibit B, is a publicly filed land record of which the Court properly may take
judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).
28  The version attached to Defendants' RJN is complete.

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

values." *Id.* ¶ 30.   According to Plaintiff, "these two intertwined schemes grew into a brazen plan to disregard underwriting standards and fraudulently inflate property values in order to take business from legitimate mortgage-providers, and moved on to massive securities fraud." *Id.*  Plaintiff claims that had he known these alleged facts, which were allegedly concealed by Countrywide and AWL, he never would have entered into the loan transaction at issue. *Id.* ¶ 29.

## PROCEDURAL HISTORY

On October 26, 2011, Plaintiff filed the Complaint in the Superior Court of California for the County of Orange.  On November 18, 2011, defendants ReconTrust Company, N.A., ("ReconTrust") and CTC Real Estate Services ("CTC"), filed declarations of non-monetary status in the State Court Action, stating that they have no monetary interest in this action.  Plaintiff failed to object to these declarations within 15 days of filing and service, and, as a result, ReconTrust and CTC are converted to nominal parties with no obligation to participate in this litigation.  *See, e.g., Woodcock v. MERS*, No. ED CV 10-1807 CAS (PLAx), 2011 U.S. Dist. LEXIS 21913, at *4 (C.D. Cal. Feb. 16, 2011); *Ortiz v. Indymac Bank*, No. CV 09-8669 PSG (AJWx), 2010 U.S. Dist. LEXIS 57877, at *1-2 n.1 (C.D. Cal. May 20, 2010); *Carbriales v. Aurora Loan Servs.*, No. C 10-161 MEJ, 2010 U.S. Dist. LEXIS 24726, at *3 (N.D. Cal. Mar. 2, 2010).[3]

On December 1, 2011, Defendants timely removed the Complaint.

## STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In explaining this standard, the

---

[3]   Additionally, ReconTrust and CTC are fraudulently joined, and the claims against them should be dismissed on that basis as well. *See Isaacs v. Broido*, 358 F. App'x 874, 877 (9th Cir. 2009); *United Computer Sys. v. AT&T Info. Sys.,* 298 F.3d 756, 761 (9th Cir. 2002).  The Complaint also fails as to CTC and ReconTrust for the reasons outlined in this Motion.

Supreme Court emphasized that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 557). Plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id*. Indeed, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S. Ct. at 1950 (*quoting Twombly*, 550 U.S. at 555).

Furthermore, "[i]n addition to the complaint, it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (citations omitted).

## **ARGUMENT**

### I. **PLAINTIFF'S ATTACK ON MERS IS MERITLESS.**

This Court should dismiss Plaintiff's Complaint for the threshold reason that each and every claim in it is based on three meritless premises: First, that MERS could not be the beneficiary on the Deed of Trust; second, that MERS could not lawfully assign its interest in the loan; and third, that any assignment by MERS was somehow flawed because MERS "was never the holder of the Note executed by the Plaintiff." Each premise is wrong as a matter of law.

First, Plaintiff executed a Deed of Trust stating that "MERS is the beneficiary under this Security Instrument." Deed of Trust at 1. Under well-established law, Plaintiff therefore fully authorized and agreed that MERS could act as the beneficiary. *See Cervantes*, 656 F.3d at 1042; *Gomes*, 192 Cal. App. 4th at 1157-58. Indeed, the Ninth Circuit held in *Cervantes* that similar claims were "undercut by the terms in [the] standard deed of trust," and that the "explicit terms" of the deed

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

LIBA/2243960.7

disclosed that MERS was acting as "nominee" for the lender and its successors and assigns, and would hold "only legal title" to the deed of trust.  656 F.3d at 1042. Thus, "[b]y signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents."  *Id.*  Similarly, in *Gomes*, the California Court of Appeal found that where a borrower had agreed in his deed of trust that MERS could serve as the beneficiary, that agreement "preclude[d] him from pursuing a cause of action premised on the allegation that MERS does not have the authority to do so."  192 Cal. App. 4th at 1157; *see also Calvo*, 199 Cal. App. 4th at 125 (finding MERS, as nominal beneficiary and agent, had the right to initiate foreclosure); *Fontenot*, 198 Cal. App. 4th at 268 (adopting *Gomes*).

Likewise, federal district courts have repeatedly rejected theories similar to those advanced in *Cervantes* and by Plaintiff here.  *In re Mortgage Electronic Registration Systems (MERS) Litigation,* MDL No. 09-2119-JAT, 2011 WL 4550189, at *3 (D. Ariz. Oct. 3, 2011); *Derakhshan v. Mortg. Elec. Registration Sys.,* No. SACV09-1185 AG (RNBx), 2009 U.S. Dist. LEXIS 63176, at *18 (C.D. Cal. June 29, 2009) ("Plaintiff explicitly authorized MERS to act as beneficiary with the right to foreclose on the property"); *Pantoja v. Countrywide Home Loans, Inc.,* 640 F.Supp.2d 1177, 1189-90 (N.D. Cal. 2009) (stating that the plaintiffs' challenge to MERS was "meritless," in part because the deed of trust "distinctly gave MERS the right to foreclose through the power of sale provision."); *Dancy v. Aurora Loan Servs., LLC,* No. C 10-2602 SBA, 2010 U.S. Dist. LEXIS 116513, at *9-10 (N.D. Cal. Nov. 2, 2010) (rejecting contention that MERS could not act as beneficiary under Deed of Trust); *Wurtzberger v. Resmae Mortg. Corp.*, No. 2:09-cv-0178-GEB-DAD, 2010 U.S. Dist. LEXIS 51751, at *7-9 (E.D. Cal. Apr. 29, 2010) (where deed of trust named MERS as beneficiary, allegation that MERS lacked beneficial interest was without merit); *Morgera v. Countrywide Home Loans, Inc.*, No. 2:09-cv-01476-MCE-GGH, 2010 WL 160348, at *8 (E.D. Cal. Jan. 11. 2010) (holding that, under the express terms of the deed of trust, "MERS is the owner and holder of

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

- 6 -

the note as nominee for the lender, and thus MERS can enforce the note on the lender's behalf"); *Madrid v. Bank of America Corp.*, No. 3:11-cv-0077 AJB (WVG), 2011 U.S. Dist. LEXIS 75568, at *6-10 (S.D. Cal. July 13, 2011); *Cerecedes v. U.S. Bankcorp*, No. CV 11-219 CAS (FMOx), 2011 U.S. Dist. LEXIS 75559, at *17-19 (C.D. Cal. July 11, 2011); *Pua v. Recontrust Co.*, No. CV 11-1801 PSG (VBKx), 2011 U.S. Dist. LEXIS 82624, at *9-14 (C.D. Cal. July 28, 2011); *Farner v. Countrywide Home Loans*, No. 09cv2193 BTM (AJB), 2009 U.S. Dist. LEXIS 5303, at *4 (S.D. Cal. Jan. 26, 2009).

Second, MERS had the right to assign its interest as the beneficiary in the Deed of Trust.  Under California law, contract rights are assignable unless the terms of the contract state or indicate otherwise.  *Farmland Irrigation Co. v. Dopplmaier*, 48 Cal. 2d 208, 222 (1957); *Superbrace, Inc. v. Tidwell*, 124 Cal. App. 4th 388, 402 (2004); *see also Witt v. CIT Group/Consumer Fin., Inc.*, No. 2:10-CV-440-TS, 2010 U.S. Dist. LEXIS 117915, at *7-8 (D. Utah Nov. 5, 2010) ("rights under a contract are freely assignable unless precluded by contract, forbidden by statute, or where the assignment would materially alter the duties and rights of the obligor") (citing Restatement of Contracts (Second) § 317).  Because the Deed of Trust imposed no such limit, MERS could assign its interest therein.  *See Fontenot*, 198 Cal. App. 4th at 268-273 ("the allegation that MERS was merely a nominee is insufficient to demonstrate that MERS lacked authority to make a valid assignment of the note on behalf of the original lender"); *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (collecting numerous California cases).

Third, Plaintiff's apparent belief that Defendants must be in possession of the original promissory note to enforce the provisions of the Deed of Trust and foreclose has been universally rejected by California courts.  *See, e.g., Cuaresma*, 2011 U.S. Dist. LEXIS 116507, at *10 ("California law does not require possession of the [original] note as a precondition to non-judicial foreclosure under a deed of trust"); *Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1035

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

- 7 -

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

(N.D. Cal. 2010) (same); *Sicairos v. NDEX West, LLC*, No. 08cv2014-LAB, 2009 U.S. Dist. LEXIS 11223, at *6-7 (S.D. Cal. Feb. 13, 2009) (same); *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994) (same); *Estillore v. Countrywide Bank FSB*, No. CV F 10-1243 LJO GSA, 2011 U.S. Dist. LEXIS 13530, at *35 (E.D. Cal. Feb. 2, 2011) (same). This is because California's nonjudicial foreclosure statutes, Civil Code sections 2924-2924k, are comprehensive, and do not require a foreclosing party to produce a physical copy of the original note, or to demonstrate that it holds the original note. *See, e.g., Ritchie v. Cmty. Lending Corp.,* No. 09-2484, 2009 U.S. Dist. LEXIS 73216, at *19 (C.D. Cal. Aug. 12, 2009) ("There is no statutory duty within California Civil Code Section 2924 for a trustee to identify the party in physical possession of the original promissory note prior to commencing a nonjudicial foreclosure"); *Legrama v. Am. Serv. Comp.*, No. 10-cv-02945, 2010 WL 5071600, at *14 (N.D. Cal. Dec. 7, 2010) ("[t]he named trustee under the [Deed of Trust] has the right to initiate non-judicial foreclosure proceedings, and California law does not require possession of the note as a precondition to this right").

Accordingly, all three of the premises for Plaintiff's claims are wrong as a matter of law. Thus, Plaintiff's Complaint should be dismissed with prejudice.

## II.   PLAINTIFF CANNOT CHALLENGE NONJUDICIAL FORECLOSURE PROCEEDINGS THROUGH HIS STATE LAW CLAIMS.

As reaffirmed in *Gomes* and *Fontenot*, courts should not inject themselves into nonjudicial foreclosure proceedings, which the California Legislature has specifically structured to avoid the need for judicial involvement. *Gomes*, 192 Cal. App. 4th at 1156; *Fontenot*, 198 Cal. App. at 270. Explaining that two primary purposes of the nonjudicial foreclosure statutes are (1) to provide for "a quick, inexpensive and efficient remedy against a defaulting debtor," and (2) to protect debtor from wrongful loss of the property by defining a strict procedure to which foreclosing entities must adhere, the California Court of Appeal held in *Gomes* that

- 8 -

California law prohibits claims challenging foreclosures that are not based on violation of the nonjudicial foreclosure statutes:

> By asserting a right to bring a court action to determine whether the owner of the Note has authorized its nominee to initiate the foreclosure process, [plaintiff] is attempting to interject the courts into this comprehensive nonjudicial scheme.  As Defendants correctly point out, Gomes has identified no legal authority for such a lawsuit. *Nothing in the statutory provisions establishing the nonjudicial foreclosure process suggests that such a judicial proceeding is permitted or contemplated.*

*Id.* at 1154 (emphasis added).  Permitting such claims, the court reasoned, "would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." *Id.* at 1155; *see also Fontenot*, 198 Cal. App. 4th at 270 (nonjudicial foreclosure sales are "presumed to have been conducted regularly"); *Homestead Sav. v. Darmiento*, 230 Cal. App. 3d 424, 432-33 (1991) (stating that the nonjudicial foreclosure statutes are a comprehensive, exclusive scheme, and that courts may not add to the requirements set forth in those statutes); *Moeller*, 25 Cal. App. 4th at 834 (same).

Here, Plaintiff seeks to involve the court in a challenge to a completed nonjudicial foreclosure sale based on something other than nonjudicial foreclosure statutes.  Plaintiff's claims are therefore fundamentally incompatible with both the comprehensive procedures established by the California Legislature and California law, as reflected in *Gomes* and *Fontenot*.  Accordingly, this Court should dismiss the Complaint in its entirety.

## III. PLAINTIFF FAILS TO STATE ANY CLAIMS UPON WHICH RELIEF MAY BE GRANTED.

### A. PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS.

Plaintiff has failed to bring any of his claims within the periods required by the relevant statutes of limitations.  For this reason, Plaintiff's claims must be

- 9 -

1  dismissed.  *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319-20 (9th Cir. 1998)

2  (the "unique" defense of statute of limitations "does not truly go to the merits of the

3  plaintiff's claim in any sense," is "a kind of procedural bar" in California, and

4  "[t]herefore, under California law no cause of action [is] stated" where the statute of

5  limitations has run on the claim).

6          First, because Plaintiff seeks to cancel the Deed of Trust and to obtain a

7  declaration as to his title to the property based on his theory that Defendants

8  fraudulently represented MERS as the beneficiary of the Deed of Trust (*see* Compl.

9  ¶¶ 14-15, 22), the First and Second Causes of Action are subject to the three-year

10  statute of limitations for fraud set forth in California Code of Civil Procedure

11  section 338(d).  *See Mukatarian v. Barmby*, 63 Cal. 2d 558, 560 (1965) (stating that

12  statute of limitations governing a quiet title actions is based on the underlying theory

13  of relief); *Leeper v. Beltrami*, 53 Cal. 2d 195, 212-13 (1959).  On February 2, 2004,

14  Plaintiff executed the Deed of Trust, designating MERS as beneficiary, which was

15  subsequently recorded on February 11, 2004.  Compl. ¶ 9.  However, Plaintiff did

16  not file this Complaint until May 23, 2011, far more than three years later.  These

17  claims are therefore time barred.

18          Second, Plaintiff's claim for slander of title is similarly based upon his

19  allegation that the Deed of Trust wrongfully designates MERS as beneficiary.

20  Compl. ¶¶ 24-27.  As the Deed of Trust was recorded on February 11, 2004, more

21  than three years have passed since Plaintiff knew or should have known about the

22  "cloud" on his title, and this cause of action is plainly time barred.  Code Civ. Proc.

23  § 338(g).

24          Third, the conduct underlying Plaintiff's fraudulent concealment claim is

25  alleged to have occurred "prior to making the within loan to Plaintiff" and the intent

26  to "induce Plaintiff and other borrowers into ever-larger loans."  In other words, the

27  conduct occurred at or before the time Plaintiff obtained his loan on February 4,

28  2004.  Compl. ¶ 29.  Again, however, Plaintiff did not file the Complaint until May

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

23, 2011, well beyond the expiration of the three-year limitations period.  Code Civ. Proc. § 338(d).  Plaintiff's Fourth Cause of Action is therefore time-barred.  *See, e.g., Mickissack v. Wells Fargo Home Mortg.*, No. 09-CV-1932 JLS (WMc), 2010 U.S. Dist. LEXIS 69132, at *11-15 (S.D. Cal. July 12, 2010).

Fourth, the alleged statutory violations underlying Plaintiff's UCL claim – which appear to be based on the Deed of Trust's allegedly false designation of MERS as beneficiary and/or the conduct underlying the concealment claim – occurred more than four years prior to the filing of the Complaint.  Plaintiff's Fifth Cause of Action is therefore time-barred.  Bus. & Prof. Code § 17208 (four year statute of limitations for a violation of UCL).

## B.   PLAINTIFF'S FIRST THREE CAUSES OF ACTION MUST BE DISMISSED BECAUSE HE DOES NOT ALLEGE TENDER.

Under well-settled California law, a plaintiff must tender the full amount of the secured indebtedness in order to challenge a foreclosure.  *See United States Cold Storage v. Great W.  Savs. & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985) ("[T]he law is long-established that a trustor or his successor must tender the obligation in full as a prerequisite to challenge of the foreclosure sale."); *see also Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (affirming dismissal of appellants' challenge to foreclosure for failure to allege tender); *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984) (same); *Karlsen v. Am. Savs. & Loan Ass'n*, 15 Cal. App. 3d 112, 117-18 (1971) (same). California courts strictly apply the tender rule; absent actual tender, a complaint challenging a foreclosure states no cause of action.  *See Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003).  The rule applies equally to completed foreclosure sales and lawsuits seeking to enjoin future sales; where the sale is complete, the tender required is of the full debt.  *See Lopez v. Chase Home Fin., LLC*, No. CV F 09-0449 LJO GSA, 2009 U.S. Dist. LEXIS 35206, at *13-14 (E.D. Cal. Apr. 8, 2009).  The rule, which is an outgrowth of the equitable nature of a challenge to a

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

- 11 -

**Goodwin Procter LLP**
**601 S Figueroa St., 41st Floor**
**Los Angeles, California 90017**

1    foreclosure, is based on the principle that plaintiffs seeking to invoke the court's

2    equity jurisdiction must first "do equity" for their claims to be heard.  *See United*

3    *States Cold Storage*, 165 Cal. App. 3d at 1224-25.

4           Because Plaintiff's First, Second and Third Causes of Action challenge a

5    foreclosure proceeding, the tender rule applies to these claims.  *Abdallah*, 43 Cal.

6    App. 4th at 1109.  However, nowhere in the Complaint does Plaintiff allege that he

7    has tendered the full amount of the secured indebtedness.  *See generally* Compl.

8    Accordingly, Plaintiff's claims for cancellation of deed, quiet title and slander of

9    title fail at their inception and must be dismissed.  *See Abdallah*, 43 Cal. App. 4th at

10   1109; *Karlsen*, 15 Cal. App. 3d at 117-18; *see also Johnson v. Mortgage Elec.*

11   *Registration. Sys., Inc.*, No. 2:11-cv-08038-GHK-AGR, Order re. Defendant's

12   Motion to Dismiss (C.D. Cal. Nov. 3, 2011) (Dkt. No. 17), attached to Defendants'

13   RJN as **Exhibit 2**;  *Cuaresma v. Deustche Bank Nat'l Co.*, No. C-11-03829 RMW,

14   2011 U.S. Dist. LEXIS 116507, at *8-9 (S.D. Cal. Oct. 7, 2011); *Fammilop v. Wells*

15   *Fargo Bank, N.A.*, No. CV 10-5977 AHM (FFMx), 2011 U.S. Dist. LEXIS 3249, at

16   *8 (C.D. Cal. Jan. 4, 2011) (holding that plaintiff must offer to tender the full

17   amount owed to sustain a cause of action in regards to any aspect of the foreclosure

18   sale procedure); *Grant v. Aurora Loan Servs, Inc.*, 736 F. Supp. 2d 1257, 1269

19   (C.D. Cal. 2010) ("as a precondition to challenging a foreclosure sale, or any cause

20   of action implicitly integrated to the sale, the borrower must make a valid and viable

21   tender of payment of the debt") (quotation omitted).[4]

22

23

24

---

25   [4]    To the extent these claims are based on the alleged securitization of Plaintiff's
     loan, no such claim exists.  *Wadwha v. Aurora Loan Servs., LLC*, No. S-11-1784
26   KJM KJN, 2011 WL 2681483, *3-4 (E.D. Cal. July 8, 2011); *Bello v. Chase Home*
     *Fin.*, No. 10cv1913 BTM (WVG), 2011 WL 133351, *1 (S.D. Cal. Jan. 14, 2011);
27   *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal.
28   2010).

- 12 -

## C.   PLAINTIFF IS JUDICIALLY ESTOPPED FROM ASSERTING THESE CLAIMS.

The Court should dismiss the Complaint because Plaintiff is judicially estopped from asserting his claims.  Plaintiff was required to disclose his claims when he filed his petition for Chapter 7 bankruptcy on April 1, 2011 in the United States Bankruptcy Court for the Central District of California, and certainly by the time his debts were discharged in July 2011.  *See* Voluntary Petition, Chapter 7 Bankruptcy, John Chew, No. 8:11-bk-14696-RK (Bankr. C.D. Cal. April 1, 2011) (Dkt. 1), attached as **Exhibit 3** to Defendants' RJN; Discharge of Debtor John Chew, No. 8:11-bk-14696-RK (Bankr. C.D. Cal. July 27, 2011) (Dkt. 10), attached as **Exhibit 4** to Defendants' RJN.[5]  But he concealed his causes of action, and so is now barred from asserting them.

Judicial estoppel "precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir. 2001).  The doctrine applies when (1) a party's position is clearly inconsistent with a previous one; (2) the prior court accepted the previous inconsistent position; and (3) the inconsistency gave the litigant an unfair advantage in the subsequent suit.  Id. at 782 (citing *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001)).

"This court has held that a debtor who failed to disclose a pending claim as an asset in a bankruptcy proceeding where debts were permanently discharged was estopped from pursuing such claim in a subsequent proceeding." Id. at 784 (citing *Hay v. First Interstate Bank, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992)).  Thus, in *Hamilton*, a plaintiff was judicially estopped from suing a defendant because he failed to list claims against the defendant as assets of his estate in an earlier Chapter 7 bankruptcy.  *Id.  See also Hay*, 978 F.2d at 557 (applying judicial estoppel to bar

---

[5]   This Court may take judicial notice of court records. *MGIC Indem. Co.*, 803 F.2d at 505.

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

LIBA/2243960.7

1   assertion of claim not disclosed in bankruptcy proceeding).  The same conclusion as

2   in *Hamilton* and *Hay* is warranted here because Plaintiff failed to list any legal

3   claims as assets of his estate.

4        A plaintiff who has previously filed for bankruptcy "is judicially estopped

5   from asserting a cause of action not raised in a reorganization plan or otherwise

6   mentioned in the debtor's schedules or disclosure statements." *Hamilton*, 270 F.3d

7   at 783.  Plaintiff is thus estopped from maintaining this lawsuit because he did not

8   disclose these causes of action in bankruptcy court, and yet now that the bankruptcy

9   is over, he seeks to recover from Defendants.  Thus, the first element of the test for

10  judicial estoppel is easily satisfied.  It is well-settled that a debtor is required to list

11  on his bankruptcy schedules all potential causes of action that have accrued as of the

12  commencement of the bankruptcy case, and omission of a potential cause of action

13  is tantamount to a representation that no such cause of action exists.  *Hamilton*, 270

14  F.3d at 785 ("The Bankruptcy Code and Rules 'impose upon the bankruptcy debtors

15  an express, affirmative duty to disclose all assets, *including contingent and*

16  *unliquidated claims*.'") (emphasis in the original).  For judicial estoppel to apply,

17  the debtor need not know "*all* facts" that give rise to the subsequent inconsistent

18  claim, just enough facts to be aware that a potential claim exists.  *Hamilton*, 270

19  F.3d at 784 (quoting *Hay*, 978 F.2d at 557) (emphasis in the original).

20        Here, Plaintiff did not reveal his claims in his bankruptcy petition, nor during

21  the pendency of the proceedings, even though he had notice of the facts underlying

22  his present action when he executed his Deed of Trust on February 2, 2004, more

23  than six years before he filed for bankruptcy on April 1, 2011.  The crux of the

24  Complaint is a challenge to MERS's authority to take certain actions under the Deed

25  of Trust.  *See* Section I, *supra*.  As noted above, Plaintiff's Deed of Trust expressly

26  explained the scope MERS's authority.  *Id.*  Plaintiff thus had enough facts to raise

27  any claims he has under his Deed of Trust during his bankruptcy proceeding, but did

28  not do so.  Thus, Plaintiff took the inconsistent positions that he had no cause of

Godwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

- 14 -

1   action against Defendants (the position he took in bankruptcy court) and that he

2   does have causes of action against Defendants (the position here).

3       The second element of judicial estoppel—that the earlier court must have

4   accepted the previous position—is also satisfied here.  As in *Hamilton*, 270 F.3d at

5   784, "the bankruptcy court relied on [their] failure to include [their] claims . . . when

6   it discharged [their] debts."  This discharge, which was based in part on an

7   assessment of the debtor's disclosed assets and liabilities, is sufficient "acceptance"

8   to satisfy the second judicial estoppel element.  *Id.*; *accord An-Tze Cheng v. K & S*

9   *Diversified Invs., Inc.*, 308 B.R. 448, 454 (B.A.P. 9th Cir. 2004).

10      Finally, the non-disclosure of his claims in the bankruptcy proceeding gave

11  Plaintiff an unwarranted advantage.  Debtors who file bankruptcy "disrupt[] the flow

12  of commerce and obtain[] a stay and the benefits derived by listing all [their]

13  assets."  *Hamilton*, 270 F.3d at 785.  Here, Plaintiff's concealment of his claims

14  until his debts were discharged "deceived the bankruptcy court and [the] creditors,

15  who relied on the schedules to determine what action, if any, they would take in the

16  matter."  *Id.*; *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d

17  414, 416 (3d Cir. 1988) ("A long-standing tenet of bankruptcy law requires one

18  seeking benefits under its terms to satisfy a companion duty to schedule, for the

19  benefit of creditors, all his interests and property rights.")

20      Allowing Plaintiff to proceed with this lawsuit would give him assets that

21  should have been included in the bankruptcy estate, where they would have been

22  subject to claims by his creditors during the bankruptcy proceeding.  *Hamilton*, 270

23  F.3d at 785 ("The interests of both the creditors, who plan their actions in the

24  bankruptcy proceeding on the basis of information supplied in the disclosure

25  statements and the bankruptcy court, which must decide whether to approve the plan

26  of reorganization on the same basis, are impaired when the disclosure provided by

27  the debtor is incomplete.") (quoting *In re Coastal Plains*, 179 F.3d 197, 208 (5th

28  Cir. 1999)).  Similarly, the court in *Payless Wholesale Distribs., Inc. v. Alberto*

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

- 15 -

1  *Culver, Inc.*, 989 F.2d 570, 571 (1st Cir. 1993), explained how a debtor benefits

2  from concealing claims:

> The basic principle of bankruptcy is to obtain a discharge from one's creditors in return for all one's assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh. Assuming there is validity in [the debtor's] present suit, it has a better plan. Conceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even passively.

8  *See also In re Coastal Plains*, 179 F.3d at 213 ("[T]he purpose of judicial estoppel is

9  to protect the integrity of courts, not to punish adversaries or to protect litigants.").

10  All the elements of judicial estoppel are satisfied here, so the Court should bar

11  Plaintiff's claims against Defendants, and dismiss the Complaint with prejudice.

### D.  PLAINTIFF HAS FAILED TO STATE A CLAIM FOR CANCELLATION OF DEED.

14  Under California law, "A written instrument, in respect to which there is a

15  reasonable apprehension that if left outstanding it may cause serious injury to a

16  person against whom it is void or voidable, may, upon his application, be so

17  adjudged, and ordered to be delivered up or canceled." Civ. Code § 3412.  Here,

18  Plaintiff apparently alleges his Deed of Trust and the associated Trustee's Sale to be

19  voidable and seeks the cancellation of those instruments and the restoration to

20  Plaintiff of title to the subject property based on a theory that MERS never held a

21  beneficial interest in the subject property and, therefore, lacked authority to

22  foreclose.  Compl. ¶¶ 14-15.  As discussed *supra* in Section I, courts have

23  repeatedly rejected this proposition.  *Dancy v. Aurora Loan Servs., LLC*, No. C 10-

24  2602 SBA, 2010 U.S. Dist. LEXIS 116513, at *9-10 (N.D. Cal. Nov. 2, 2010);

25  *Derakhshan v. Mortg. Elec. Registration Sys.*, No. SACV09-1185 AG (RNBx),

26  2009 U.S. Dist. LEXIS 63176, at *18 (C.D. Cal. June 29, 2009).

27  Moreover, "[a] valid and viable tender of payment of the indebtedness owing

28  is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v.*

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

- 16 -

*Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112 (1971); *see also Alcaraz v. Wachovia Mortgage FSB*, 592 F.Supp.2d 1296, 1304 (E.D. Cal. 2009).  As demonstrated above, Plaintiff does not allege tender or that he has paid the debt owed on the property.  *See* Section III.B, *supra*.

### E.   PLAINTIFF FAILS TO STATE A QUIET TITLE CLAIM.

To state a claim to quiet title, a complaint must be verified and include a description of the property that is the subject of the action, the title of the plaintiff as to which a determination is sought and the basis of the title, the adverse claims to the title of the plaintiff against which a determination is sought, the date as of which the determination is sought, and a prayer for the determination of the title of the plaintiff against the adverse claims.   Code Civ. Proc. § 761.020.  Moreover, a borrower plaintiff cannot quiet title to land without first repaying the money borrowed.  *See Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974); *Leonard v. Bank of America Ass'n*, 16 Cal. App. 2d 341, 344 (1936); *see also Ricon v. Recontrust Co.*, No. 09cv937-IEG-JMA, 2009 WL 2407396, at *6 (S.D. Cal. 2009) ("In order to allege a claim to quiet title, Plaintiff must allege tender or offer of tender of the amounts borrowed").   As demonstrated above, Plaintiff does not allege tender or that he has paid the debt owed on the property.  *See* Section III.B, *supra*.  For that reason alone, his quiet title claim fails.  *Leonard*, 16 Cal. App. 2d at 344.

Plaintiff also fails to specify the purported adverse "claims," and identify which defendants have such interests.  Instead, Plaintiff asserts that he is entitled to quiet title against all "Defendants" generally, "who claim some right, title, estate, lien, or interest in and to the Property… as well as the claims of their alleged successors [and] the claims of all unknown defendants …" ignoring the default on his loan.  Compl., ¶ 19.  These conclusory allegations fail to identify an adverse claim.  Nowhere in the Complaint does Plaintiff dispute that he defaulted on his obligation to repay his loan, or that the loan has never been repaid.  For all these reasons, Plaintiff's quiet title claim should be dismissed.

**Goodwin Procter LLP**
**601 S Figueroa St., 41st Floor**
**Los Angeles, California 90017**

**F.     PLAINTIFF FAILS TO STATE A CLAIM FOR SLANDER OF TITLE.**

As demonstrated above, Plaintiff's theory that the designation of MERS as the beneficiary under the Deed of Trust rendered the Deed of Trust and its recording legal nullities is defective and has been repeatedly rejected by numerous courts.  *See* Section I, *supra*.  This alone is a sufficient basis for dismissing Plaintiff's claim for slander of title.

Independently, however, Plaintiff also fails to allege facts establishing the elements of a slander of title claim.  In California, the elements of a cause of action for slander of title are (1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss.  *See Alpha and Omega Development, LP v. Whillock Contracting, Inc.*, 200 Cal. App. 4th 656 (2011); *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009).  Pursuant to California Civil Code Section 2924(d), the "performance of the functions and procedures" to effect a nonjudicial foreclosure is privileged.  Civ. Code § 2924(d); *see also* Civ. Code § 47; *Richards v. Bank of America, N.A.*, No. C 10-01163-CW, 2010 WL 3222151, at *4 (N.D. Cal. Aug. 13, 2010) ("[A]ny notice or communication that issued in the course of performing duties related to the non-judicial foreclosure sale is privileged and not actionable."); *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 344 (2008) (documents necessary to effect nonjudicial foreclosure are privileged).  Here, Plaintiff's cause of action is premised on the recording of the Notice of Default and Notice of Trustee's Sale.  Compl. ¶ 24.  These documents, however, were necessary to effect a nonjudicial foreclosure.  *See* Civ. Code §§ 2924(a) (requiring recordation), 2924(a)(3) (requiring notice of sale).  Thus, they are privileged and provide no basis for a slander of title claim, and Plaintiff identifies no other basis for his claim.  *See, e.g., Sanchez v. MortgageIT,* No. C 10-4146 PJH, 2011 WL 588178, at *2 (N.D. Cal. Feb. 10, 2011) (dismissing slander of title claim because Notice of Default and Notice of Trustee's sale are privileged under Civ. Code §§ 47 and 2924(d)); *Green*

*v. Alliance Title*, No. CIV S-10-0242 MCE EFB PS, 2010 WL 3505072, at *19 (E.D. Cal. Sep. 2, 2010) (same).  Because Plaintiff bases his slander of title claim on privileged publications, Plaintiff's Third Cause of Action must be dismissed.

### G.   PLAINTIFF'S FOURTH CAUSE OF ACTION FOR FRAUDULENT CONCEALMENT FAILS.

#### 1.   Plaintiff Fails To Plead Fraud With The Particularity Required By Rule 9(b).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (When a claim is "grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the ... claim."); *Rice v. Charles Schwab*, No. SACV 10-00398-CJC (MLGx), 2010 U.S. Dist. LEXIS 135852, *4-5 (C.D. Cal. Oct. 22, 2010) (claims sounding in fraud must be pled with particularity); *Gonzalez v. EJ Mortg., Inc.,* No. 09cv2812 BTM (RBB), 2010 U.S. Dist. LEXIS 48280, at *6 (S.D. Cal. May 17, 2010) (fraudulent concealment claims must be pled with particularity).  Rule 9(b) requires, at a minimum, factual allegations as to "the time, place and specific content of the false representations as well as the parties to the misrepresentations."  *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (*quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)); *see also Rice*, 2010 U.S. Dist. LEXIS 135852, at *4.

Plaintiff's Fourth Cause of Action falls far short of these requirements. Although asserted against "[a]ll Defendants," Plaintiff makes no attempt to identify when or where any purported concealment by MERS or Bank of America occurred. Indeed, the Fourth Cause of Action nowhere even *mentions* MERS or Bank of America.  Compl., ¶¶ 29-46 (directing allegations at "Defendant COUNTRYWIDE" and "Defendant AMERICAN WHOLESALE LENDER"), 41, 45-46 (directing

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

allegations at "Defendants" generally).  Likewise, its only reference to BACHLS is the conclusory allegation that BACHLS "continue the wrongful acts of Defendant COUNTRYWIDE with hardball tactics and deception that continue to threaten Plaintiff's Constitutional rights and financial security."  Compl. ¶ 42.  This failure to identify the specific individuals involved in any alleged "fraudulent concealment," or even when or where the alleged acts took place, is fatal to Plaintiff's claim.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (*quoting Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)); *Mickissack*, 2010 U.S. Dist. LEXIS 69132, at *11-15; *Permpoon v. Wells Fargo Bank Nat'l Ass'n*, No. 09-CV-01140-H (BLM), 2009 U.S. Dist. LEXIS 89723, at *10 (S.D. Cal. Sept. 29, 2009). [6]

### 2.   Plaintiff Fails To Allege The Elements Of Fraudulent Concealment.

The elements of a fraudulent concealment cause of action are "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage."  *Lovejoy v. AT & T Corp.*, 119 Cal. App. 4th 151, 156-59 (2004); *see also Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1097 (N.D. Cal. 2007) (quoting the same elements).

The Fourth Cause of Action fails to allege (a) concealment of particular facts, and (b) a duty to disclose those facts.  First, Plaintiff fails to describe the substance

---

[6]   To the extent the Fourth Cause of Action makes allegations against "Defendant COUNTRYWIDE" individually, those, too, are fatally defective: Plaintiff nowhere identifies the specific individuals who were involved in any alleged concealment, their authority to act, or precisely where or when such events took place.  *Swartz*, 476 F.3d at 764.

Godwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

of any false document or incomplete statement made, given to, or concealed from Plaintiff.  *See, e.g., Blickman Turkus LP v. MF Downtown Sunnyvale*, *LLC*, 162 Cal. App. 4th 858, 868, 878 (2008) (stating that fraud based on concealment must be pled with specificity, at least setting forth the substance of the false or incomplete statements).  Second, Plaintiff alleges no facts sufficient to establish a confidential relationship between himself and Defendants that would impose a duty on Defendants' part to disclose material facts to Plaintiff.  Compl. ¶¶ 40-56.   To the contrary, Plaintiff makes only conclusory allegations that "each Defendant … was bound and obligated to fully and accurately disclose … that the mortgage being offered to the Plaintiff was, in fact, part of a massive fraud that Defendant COUNTRYWIDE knew would result in the loss of the equity invested by Plaintiff in her [sic] home and in severe impairment to Plaintiff's credit rating."  Compl.  ¶ 43.  This is plainly insufficient.  *See Goodman v. Kennedy*, 18 Cal. 3d 335, 346-48 (1976) (plaintiff's conclusory allegations were insufficient where he did not allege any confidential relationship with defendant or allege any other facts sufficient to establish duty); *see also Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money"); *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989) (same); *Kim v. Sumitomo Bank of California*, 17 Cal. App. 4th 974, 979 (1993) (same); *Permpoon*, 2009 U.S. Dist. LEXIS 89723, at *10-11 (lenders owe no fiduciary duty to borrowers) (same); *Mickissack*, 2010 U.S. Dist. LEXIS 69132, at *16-17 (same).

Furthermore, the California Court of Appeal recently rejected the exact theory underlying Plaintiff's fraudulent concealment claim here.  In *Bank of America Corp. v. Superior Court*, the plaintiff borrowers purported to assert fraudulent concealment claim based on an "alleged scheme to bilk investors by selling them pooled mortgages at inflated values, the demise of which scheme led to devastated home

- 21 -

values across California."  198 Cal. App. 4th 862, 865 (2011); *cf.* Compl., ¶¶ 30-31 (alleging that defendants were involved in a "scheme" whereby "the mortgage being offered to the Plaintiff was, in fact, part of a massive fraud that Defendant COUNTRYWIDE knew would result in the loss of equity invested by Plaintiff in her home and in severe impairment to Plaintiff's credit rating" and that the scheme "led directly to a mortgage meltdown in California, causing decreased values in borrowers' properties, including Plaintiff's property").  The Court of Appeal dismissed the claim for two reasons.  <u>First</u>, the defendant "had no independent duty to disclose to its borrowers" any intent to purportedly defraud them through the scheme plaintiffs claimed to have identified.  *Id.*, at 871-872.  <u>Second</u>, the plaintiffs could not establish that their damages were caused by any purported concealment or suppression of fact by defendants:  Plaintiffs' purported damages were caused by general conditions in the real estate market and their loan defaults.  *Id.*, at 872. Accordingly, there was "no nexus" between the alleged fraudulent concealment and the harm purportedly suffered by plaintiffs.  The same conclusions attend here.  For these reasons, and the additional reasons above, Plaintiff's fraudulent concealment claim should be dismissed with prejudice.

### H.   PLAINTIFF'S CLAIM FOR VIOLATION OF THE UCL FAILS AS A MATTER OF LAW.

In support of his Fifth Cause of Action for violation of the UCL, Plaintiff offers only a conclusory statement that Defendants have violated a list of statutes without alleging how these statutes were violated.  *See* Compl. at ¶ 48.  Such allegations "are precisely the type of 'unadorned, the-defendant-unlawfully-harmed-me accusation' that the Supreme Court has held is impermissible.'"  *Qureshi v. Countrywide Home Loans, Inc.*, No. C 09-4198 SBA, 2010 U.S. Dist. LEXIS 21843, *20-21 (N.D. Cal. Mar. 10, 2010) (quoting *Iqbal*, 129 S.Ct. at 1949) (dismissing UCL claim where complaint failed to, among other things, differentiate between the conduct of the defendants or identify how the plaintiff was harmed by

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

their actions).  To the extent that Plaintiff bases his UCL claim on the same alleged conduct underlying his fraud claim, it must be dismissed for the same reasons.  As demonstrated above, the Complaint fails to state the basis for its fraud claim with the "reasonable particularity" required by Rule 9(b).  *See, e.g., Manabat v. Sierra Pacific Mortg. Co. Inc.*, No. CV F 10-1018-LJO-JLT, 2010 WL 2574161, at *16 (E.D. Cal. June 25, 2010) (dismissing fraud-based UCL claim for failure to comply with Rule 9(b)); *Saldate v. Wilshire Credit Corp.*, No. CVF09-2089-LJO-SMS, 2010 WL 582069, at *17 (E.D. Cal. Feb. 12, 2010) (same); *Blanco v. American Home Mortg. Serv. Inc.*, No. Civ. 2:09-578, 2009 U.S. Dist. LEXIS 119338 at *30 (E.D. Cal. Dec. 3, 2009) (applying Rule 9(b) to fraud-based UCL claims).

## I.   PLAINTIFF'S CLAIM FOR DECLARATORY RELIEF IS NOT A CAUSE OF ACTION.

Plaintiff's Sixth Cause of Action for declaratory relief must be dismissed because it is not an independent cause of action, but rather a remedy.  *See Vargas v. Countrywide Home Loans, Inc.*, No. CV 09-2309 (C.D. Cal. May 14, 2010) ("Plaintiff's claims for injunctive relief and declaratory relief are remedies, and not separate claims for relief."); *Santos v. Countrywide Home Loans*, No. CIV. 2:09-02642 WBS DAD, 2009 U.S. Dist. LEXIS 103453, at *13 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive relief are not independent claims, rather they are forms of relief").  In addition, the court may dismiss Plaintiffs' claim for declaratory relief because it is "entirely commensurate with the relief sought through [her] other causes of action."  *See, e.g., Cerecedes v. U.S. Bankcorp*, 2011 U.S. Dist. LEXIS 75559, at *11-12 (C.D. Cal. July 11, 2011); *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707-08 (N.D. Cal. 2009); *Permpoon* v. *Wells Fargo Bank Nat'l Ass'n*, No. 09-CV-01140-H (BLM), 2009 U.S. Dist. LEXIS 89723, at *14 (S.D. Cal. Sept. 29, 2009).

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

LIBA/2243960.7

1

## <u>CONCLUSION</u>

2      For the foregoing reasons, Defendants respectfully request that the Complaint

3  be dismissed with prejudice in its entirety.

4

5                                          Respectfully submitted,

6  Dated: December 8, 2011          By:   /s/  Steven A. Ellis

7                                         STEVEN A. ELLIS
                                          *sellis@goodwinprocter.com*
8                                         ALISON M. NORRIS
                                          *anorris@goodwinprocter.com*
9                                         HONG-AN VU
                                          *sramsower@goodwinprocter.com*
10                                        **GOODWIN PROCTER LLP**

11                                        Attorneys for Defendants:
                                          *Mortgage Electronic Registration*
12                                        *Systems, Inc.; Bank of America, N.A.,*
                                          for itself and as successor by merger to
13                                        BAC Home Loans Servicing, L.P,
                                          formerly known as Countrywide Home
14                                        Loans Servicing, LP; and *Countrywide*
                                          *Home Loans, Inc.,* (erroneously sued
15                                        under its trade name America's
                                          Wholesale Lender)

16

17

18

19

20

21

22

23

24

25

26

27

28

**Goodwin Procter LLP**
**601 S Figueroa St., 41st Floor**
**Los Angeles, California 90017**

- 24 -

LIBA/2243960.7

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 601 S Figueroa St., 41st Floor, Los Angeles, CA  90017.

On **December 8, 2011**, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT BY DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

| | |
|---|---|
| George L. Baugh | Counsel for Plaintiff: *John Chew* |
| LAW OFFICES OF GEORGE L. BAUGH | Tel. 714.870.5253 |
| The De Sales Building | Fax. 714.526.3915 |
| 2201 East Chapman Avenue | glb3law@yahoo.com |
| Fullerton, CA  92831 | |

☐   (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

☐   (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy  of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐   (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service.  A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐   (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐   (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

- 1 -

LIBA/2243960.7

☑  (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **December 8, 2011**, at Los Angeles, California.

_____          _____
Gareth Oania                                        (Signature)
(Type or print name)

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

LIBA/2243960.7